1
2
3
4
5
6
7                           UNITED STATES DISTRICT COURT

8                            EASTERN DISTRICT OF CALIFORNIA

9

10   WILLIE COOLEY,                              1:12-CV-01164 GSA HC

11                   Petitioner,               ORDER SUMMARILY DISMISSING
12                                             PETITION FOR WRIT OF HABEAS
          v.                                   CORPUS
13
                                               ORDER DIRECTING CLERK OF COURT
14   J. D. HARTLEY, Warden,                    TO ENTER JUDGMENT AND CLOSE CASE

15                   Respondent.               ORDER DECLINING ISSUANCE OF
     _____/         CERTIFICATE OF APPEALABILITY
16

17          Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

18   pursuant to 28 U.S.C. § 2254.  He has consented to the jurisdiction of the magistrate judge pursuant

19   to 28 U.S.C. § 636(c).

20          On July 17, 2012, Petitioner filed the instant petition for writ of habeas corpus.  Petitioner

21   challenges the California court decisions upholding an April 5, 2011, decision of the California

22   Board of Parole Hearings.  He claims the Board's denial of parole was arbitrary in violation of his

23   federal constitutional rights.

24          On January 24, 2011, the Supreme Court decided Swarthout v. Cooke, ___ U.S.___, 131

25   S.Ct. 859, 2011 WL 197627 (Jan. 24, 2011).  In Swarthout, the Supreme Court held that "the

26   responsibility for assuring that the constitutionally adequate procedures governing California's

27   parole system are properly applied rests with California courts, and is no part of the Ninth Circuit's

28   business."  The federal habeas court's inquiry into whether a prisoner denied parole received due

process is limited to determining whether the prisoner "was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied." Id., *citing*, Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979).  Review of the instant case reveals Petitioner was present at his parole hearing, was given an opportunity to be heard, and was provided a statement of reasons for the parole board's decision. (See Petition Ex. A.) According to the Supreme Court, this is "the beginning and the end of the federal habeas courts' inquiry into whether [the prisoner] received due process."  Swarthout, 131 S.Ct. at 862. "The Constitution does not require more [process]." Greenholtz, 442 U.S. at 16. Therefore, the instant petition does not present cognizable claims for relief, and no cognizable claim could be raised if leave to amend were granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971). The petition must be dismissed.

Certificate of Appealability

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances.  Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).  The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)     (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
> > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> >
> > (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability

1    "if jurists of reason could disagree with the district court's resolution of his constitutional claims or

2    that jurists could conclude the issues presented are adequate to deserve encouragement to proceed

3    further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000).  While the

4    petitioner is not required to prove the merits of his case, he must demonstrate "something more than

5    the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at

6    338.

7           In the present case, the Court finds that reasonable jurists would not find the Court's

8    determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or

9    deserving of encouragement to proceed further.  Petitioner has not made the required substantial

10   showing of the denial of a constitutional right.  Accordingly, the Court hereby DECLINES to issue a

11   certificate of appealability.

12          Accordingly, IT IS HEREBY ORDERED:

13          1) The petition for writ of habeas corpus is DISMISSED with prejudice;

14          2) The Clerk of Court is DIRECTED to enter judgment and close the case; and

15          3) The Court DECLINES to issue a certificate of appealability.

16

17           IT IS SO ORDERED.

18    **Dated:    August 23, 2012            /s/ Gary S. Austin**
                                            UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28