1

2

3

4

5

6

7

8

9

10

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| WILLIE COOLEY, | Case No.  1:12-cv-01164 LJO GSA HC |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| C. WOFFORD, | |
| Respondent. | |

12

13

14

15

16

17     Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

18 pursuant to 28 U.S.C. § 2254 on remand from the Ninth Circuit Court of Appeals.

19     On July 17, 2012, Petitioner filed the instant petition for writ of habeas corpus

20 challenging a parole suitability hearing held on April 5, 2011.  He claims the California Board of

21 Parole Hearings ("Board") failed to adhere to Cal. Penal Code § 3041 in denying Petitioner a

22 parole date.  He further claims the Board arbitrarily deprived him of a liberty interest protected

23 by the Fifth and Fourteenth Amendments to the Constitution.

24                                    **DISCUSSION**

25 A.  Preliminary Review of Petition

26     Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

27     If it plainly appears from the petition and any attached exhibits that the petitioner
       is not entitled to relief in the district court, the judge must dismiss the petition and
28     direct the clerk to notify the petitioner.

1

1   The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ

2   of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to

3   dismiss, or after an answer to the petition has been filed.  See Herbst v. Cook, 260 F.3d 1039 (9th

4   Cir.2001). A petition for habeas corpus should not be dismissed without leave to amend unless it

5   appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson,

6   440 F.2d 13, 14 (9th Cir. 1971).   The Court will review the instant petition pursuant to its

7   authority under Rule 4.

8   B.  Failure to State a Cognizable Ground for Relief

9       Petitioner's claims concern the decision of the California Board of Parole Hearings.

10  These claims are foreclosed by the Supreme Court's decision in Swarthout v. Cooke, ___

11  U.S.___, 131 S.Ct. 859, 2011 WL 197627 (2011).  In Swarthout, the Supreme Court held that the

12  federal habeas court's inquiry into whether a prisoner who has been denied parole received due

13  process is limited to determining whether the prisoner "was allowed an opportunity to be heard

14  and was provided a statement of the reasons why parole was denied." Id., (citing Greenholtz v.

15  Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979)).  Petitioner does not

16  contend he was denied these procedural due process guarantees, and in any case, the parole

17  hearing transcript reflects that he was present at his parole hearing, was given an opportunity to

18  be heard, and was provided a statement of reasons for the parole board's decision.  (Petition, Ex.

19  A.)  According to the Supreme Court, this is "the beginning and the end of the federal habeas

20  courts' inquiry into whether [the prisoner] received due process."  Swarthout, 131 S.Ct. at 862.

21  "The Constitution does not require more."  Greenholtz, 442 U.S. at 16.  Therefore, Petitioner's

22  challenges to the Board's denial of parole fail to present cognizable federal claims for relief and

23  the petition should be dismissed.

### RECOMMENDATION

24

25      Accordingly, the Court HEREBY RECOMMENDS that the petition for writ of habeas

    corpus be DISMISSED for failure to state a cognizable claim.

26

27      This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill,

    United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B)

28

2

1   and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District

2   of California.

3        Within thirty (30) days after being served with a copy, Petitioner may file written

4   objections with the Court.  Such a document should be captioned "Objections to Magistrate

5   Judge's Findings and Recommendation."  The Court will then review the Magistrate Judge's

6   ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  Petitioner is advised that failure to file objections

7   within the specified time may waive the right to appeal the District Court's order.  Martinez v.

8   Ylst, 951 F.2d 1153 (9th Cir. 1991).

9

10   IT IS SO ORDERED.

11    Dated:   **March 18, 2014**              **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28